UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA MARTINEZ,

    Applicant,

v.                                              CASE NO. 8:25-cv-2034-SDM-AEP

SHERIFF CHAD CHRONISTER,

    Respondent.
_____/

**<u>ORDER</u>**

    Martinez applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges her detention in the Hillsborough County jail under an out-of-state fugitive warrant.  Relief under Section 2241 is the proper remedy because Martinez asserts no challenge to a state court judgment.  Although jurisdiction resides in the federal courts, Martinez cannot proceed in federal court before presenting the claim to the state courts — a process called exhaustion of state court remedies — as explained in *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 490 (1973) (internal quotation omitted):

> The exhaustion doctrine is a judicially crafted instrument which
> reflects a careful balance between important interests of federalism
> and the need to preserve the writ of habeas corpus as a swift and
> imperative remedy in all cases of illegal restraint or confinement.

Unlike Section 2254, which explicitly requires exhaustion, Section 2241 contains no statutory exhaustion requirement.  Nevertheless, a party seeking relief under Section

2241 must present the claim to the state court before seeking relief in federal court. *Moore v. DeYoung*, 515 F.2d 437, 442 (3rd Cir. 1975), explains that "although there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Accord Johnson v. Florida*, 32 F.4th 1092, 1095–96 (11th Cir. 2022) ("It is by now well-settled that district court may not grant a Section 2241 petition 'unless the petitioner has exhausted all available state remedies.'") (quoting *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985)); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring) (citing *Braden* and *Moore*).

Martinez fails to show that she has exhausted the available state court remedies before seeking relief in federal court. Moreover, a review of the online docket for the circuit court for Hillsborough County shows both that counsel was appointed to represent Martinez and that a petition for the writ of habeas corpus was recently filed in state court. Martinez cannot simultaneously proceed with an action in both a state court and a federal district court to obtain the same relief.

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The clerk must close this case.

ORDERED in Tampa, Florida, on August 11, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE